AO 245B    (Rev. 09/11)  Judgment in a Criminal Case
              Sheet1

# United States District Court
## Middle District of Louisiana

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JEREMIE J. TATE | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number:  3:14CR00043-001<br>USM Number:  66371-379<br><br>J. Rodney Messina<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔] pleaded guilty to count(s): <u>1, 2, 3, and 7 of the Indictment</u> .
[ ] pleaded nolo contendere to counts(s) __ which was accepted by the court.
[ ] was found guilty on count(s) __ after a plea of not guilty.
    The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| See next page. | | | |

    The defendant is sentenced as provided in pages 2 through <u>8</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on counts(s) __ .

[ ]    Count(s) __ is/are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material changes in economic circumstances.

9/28/2015
Date of Imposition of Judgment

*/s/ Shelly D. Dick*
Signature of Judge

SHELLY D. DICK, United States District Judge
Name and Title of Judge

10/2/2015
Date

AO 245B        (Rev. 09/11) Judgment in a Criminal Case
               Sheet 1A

CASE NUMBER:      3:14CR00043-001                                                 Judgment - Page 2 of 8
DEFENDANT:        JEREMIE J. TATE

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Unlawfully Use Interstate Facilities in Aid of Racketeering | 11/30/2013 | 1 |
| 18 U.S.C.§ 1952 | Use of Interstate Facilities in Aid of Racketeering | 5/4/2013; 7/13/2013 | 2, 3 |
| 18 U.S.C. § 2422(a) | Enticing Another to Travel Interstate for Prostitution | 12/31/2012 | 7 |

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 2 - Imprisonment

CASE NUMBER:    3:14CR00043-001                                              Judgment - Page 3 of 8
DEFENDANT:      JEREMIE J. TATE

## IMPRISONMENT

   The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 115 months .

   A term of 60 months on count 1, 2, and 3 and a term of 115 months on count 7, all to run concurrent.

   It is recommended that the defendant's federal sentence run consecutive to any sentences the defendant may receive for driving while intoxicated, first offense, 18th JDC, Docket No.: 001125; possession of scheduled II, 20th JDC, Docket No.: 2004-CR-000589; driving under suspension, expired driver's license, 19th JDC, Docket No.: 2-14-187; and concurrent to any sentence the defendant may receive for trafficking of children for sexual purposes human trafficking, 19th JDC, Docket No.: 10-13-210.

[✔]   The court makes the following recommendations to the Bureau of Prisons:
      It is recommended that the defendant be designated to a Bureau of Prisons facility where he can receive substance abuse treatment and vocational training.

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before _ on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.


                                                         _____
                                                                 UNITED STATES MARSHAL

                                                    By   _____
                                                                    Deputy U.S. Marshal

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
    Sheet 3 - Supervised Release

CASE NUMBER:       3:14CR00043-001                                                                Judgment - Page 4 of 8
DEFENDANT:         JEREMIE J. TATE

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years .

A term of 2 years on counts 1, 2, and 3 and 5 years on count 7, all to run concurrent.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[✔]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[✔]   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

[✔]   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.   (Check, if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
         Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 3:14CR00043-001 | Judgment - Page 5 of 8 |
| DEFENDANT: | JEREMIE J. TATE | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a substance abuse assessment and/or treatment program and residential treatment if needed, and shall assist in the cost of said treatment, as approved by the probation officer.

The defendant shall submit to random substance abuse testing as directed by the probation officer.

The defendant shall participate in a mental health assessment and/or treatment program and shall assist in the cost of said treatment, as approved by the probation officer.

The defendant shall submit his or her person, property, house, residence, vehicle, papers or computers  (as defined in 18 U.S.C. § 1030  (e)   (1)) , other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer.  Failure to submit to a search may be grounds for revocation of release.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his/her supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

The defendant shall not associate or have verbal, written, telephone, or electronic communication with any person under the age of 18 except   (1)  in the presence of the parent or legal guardian of said minor and   (2)  on the condition that the defendant notifies said parent or legal guardian of his/her conviction in the instant offense, personal history, prior offenses, and other factors that involve minor victims.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal in order to obtain ordinary and usual commercial services.

The defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcades facilities, or other places primarily used by persons under the age of 18.  The defendant s residence shall be approved by the probation officer, and any change in residence must be pre-approved by the probation officer.  The defendant shall submit the address of the proposed residence to the probation officer at least 10 days prior to any scheduled move.

The defendant shall undergo a psychosexual evaluation, and if diagnosed with a sexual disorder, shall participate in sex offender-specific treatment   (which may include inpatient treatment) , and shall assist in the cost of said treatment, as approved by the probation officer.

The defendant shall abide by all rules, requirements, and conditions of any assessment or treatment program, including submission to risk assessment evaluation and physiological testing, such as polygraph, plethysmograph   (*for male offenders*) , and Abel testing, and shall take all prescribed medication.  The defendant shall be required to submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that he or she is in compliance with the requirements of his or her supervision or treatment program.

The defendant shall grant a limited waiver of his/her right of confidentiality in any records of mental health treatment imposed as a consequence of this judgement to allow the treatment provider to provide information to the probation officer and sign all necessary releases to enable the probation officer to monitor the defendant s progress.  The defendant shall disclose the presentence report and/or any other previous sex offender or mental health evaluations to the treatment provider.

The defendant shall not use sexually oriented telephone numbers or services.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
       Sheet 3 - Supervised Release

| | |
|---|---|
| CASE NUMBER:      3:14CR00043-001 | Judgment - Page 6 of 8 |
| DEFENDANT:        JEREMIE J. TATE | |

    The defendant shall not contact the victim, or Roxanne R. Merritt, Payton A. Shelton, or Jon Garon by any means, including in person, by mail or electronic means, or via third parties.  Further, the defendant shall remain at least 100 yards from the victim (s) at all times. If any contact occurs, the defendant shall immediately leave the area of contact and report the contact to the probation officer.

    The defendant ṣ employment, participation in organizations, and/or volunteer activity must be approved by the probation officer, and any change in employment must be pre-approved by the probation officer.  The defendant shall submit the name and address of the proposed employer, organization, and/or volunteer activity to the probation officer at least 10 days prior to any scheduled change.

    The defendant shall consent to the U.S. Probation Office conducting periodic unannounced examinations of the defendant ṣ computer system (s) and hand held computer devices, including but not limited to: cell phones; notebooks; and laptops, which may include retrieval and copying of all memory from hardware/software and/or removal of such system (s) for the purpose of conducting a more thorough inspection and will consent to having installed on the defendant ṣ computer (s), at the defendant ṣ expense, any hardware/software to monitor the defendant ṣ computer use or prevent access to particular materials.  The defendant shall consent to periodic inspection of any such installed hardware/software to insure it is functioning properly.

    The defendant shall provide the U.S. Probation Office with accurate information about the defendant ṣ entire computer system (*hardware/software*); all passwords used by the defendant; and the defendant ṣ Internet Service Provider (s); and will abide by all rules of this Court ṣ Computer Restriction and Monitoring Program.

    The defendant is prohibited from access to any computer, Internet Service Provider, bulletin board system, or any other public or private computer network or the service at any location (including employment or education) without prior written approval of the U.S. Probation Office.  Any approval shall be subject to any conditions set by the U.S. Probation Office or the Court with respect to that approval.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
    Sheet 5 - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER:    3:14CR00043-001 | Judgment - Page 7 of 8 |
| DEFENDANT:      JEREMIE J. TATE | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 400.00 | $ | $ 1,394.04 |

[ ]   The determination of restitution is deferred until _.  An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

[ ]   The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C.§3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Baton Rouge Courtyard by Marriott<br>2421 S. Acadian Thruway<br>Baton Rouge, Louisiana 70808 | | $1,394.04 | |
| TOTALS: | $ ___ | $1,394.04 | |

[ ]   Restitution amount ordered pursuant to plea agreement .......... **$____**

[ ]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]   The interest requirement is waived for the          [ ]   fine          [ ]   restitution.

    [ ]   The interest requirement for the [ ]  fine  [ ]  restitution  is modified as follows:

---

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
    Sheet 6 - Schedule of Payments

| | |
|---|---|
| CASE NUMBER: 3:14CR00043-001 | Judgment - Page 8 of 8 |
| DEFENDANT: JEREMIE J. TATE | |

# SCHEDULE OF PAYMENTS

Having accessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    [ ]    Lump sum of $ _ due immediately, balance due

         [] not later than _, or
         [] in accordance      [] C, [] D, [] E, or [] F below; or

B    [✔]    Payment to begin immediately (may be combined with [] C, [] D, or [✔] F below); or

C    [ ]    Payment in equal _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years) to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D    [ ]    Payment in equal _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years) to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within _(e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [✔]    Special instructions regarding the payment of criminal monetary penalties:

         $400.00 special assessment, due immediately. The $1,394.04 restitution is due immediately, but nonpayment is not a violation of supervised release so long as the defendant makes the required monthly payments during supervision. Upon release from incarceration, any unpaid restitution balance shall be paid at a monthly rate determined by the Court. Such payments shall begin within 60 days after release from imprisonment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several

      Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court costs:

[✔]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Pursuant to 18 U.S.C. § 981(a)(1)(c), 28 U.S.C. § 2461(c), and 18 U.S.C. § 2428(b), the defendant shall forfeit to the United States, any property real or personal which constitutes or is derived from proceeds traceable to a violation of § 1952 and § 2422(a), or any property, real or personal, used or intended to be used to commit or to facilitate the commission of § 2422. In particular, the defendant agrees to forfeit to the United States an AT&T black Samsung cellular phone, serial number R21D47GRSQP, SKU number 65376, model AGH-A157; an Apple iPad (16GB), serial number HW0500PNA90; an Apple iPad (32GB), serial number GB030KGHZ39; an AT&T cell phone (black), model Z431, serial number 32582314895; an Apple iPhone (black) in INCIPIO case; and a Motorala LTE CE0168 cell phone (black), serial number TA24909N52.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.